UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 02-4534

MARLENE RENEE GERACI,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-01-187-H)

Submitted: April 18, 2003

Decided: July 21, 2003

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Marlene Renee Geraci appeals her conviction and sentence following a jury trial for engaging in sexual contact with a child under the age of twelve, in violation of 18 U.S.C. § 2244(a)(1) (2000), and contributing to the delinquency of her two minor children, in violation of 18 U.S.C. § 13 (2000) (assimilating N.C. Gen. Stat. § 14-316.1). She was sentenced to seventy months imprisonment on the sexual contact charge and 120 days imprisonment on the delinquency charge, to run concurrently. Geraci also was sentenced to three years of supervised release. Finding no error, we affirm.

Geraci first argues that § 2244(a)(1) is unconstitutionally vague and overbroad both on its face and as applied to her. We review the constitutionality of a federal statute de novo. *See United States v. Sun*, 278 F.3d 302, 308 (4th Cir. 2002). For the reasons that follow, we find that Geraci's arguments fail.

Contrary to Geraci's argument that facial challenges may be made if a statute threatens a constitutionally protected right, it is well-settled that such challenges are generally restricted to First Amendment based attacks. *See Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973). Vagueness and overbreadth challenges that do not implicate the First Amendment "must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550 (1975); *see Sun*, 278 F.3d at 309. Thus, Geraci's challenge must be tailored to the facts of her case only, which she fails to do. Therefore, we find that Geraci's facial challenge to § 2244(a)(1) fails.

We also reject Geraci's argument that § 2244(a)(1) is unconstitutionally vague and overbroad as applied to her case. Geraci argues that the statute is impermissibly vague because the definition of "sexual contact" is virtually limitless. We disagree. Due process requires

that a criminal statute provide adequate notice to a person of ordinary intelligence that the contemplated conduct is illegal. *See Sun*, 278 F.3d at 309. Although Geraci claims that she did not receive proper notice as to what criminal act she allegedly committed or the identity of the alleged victim, we find that the statutory definition of "sexual contact" would provide a person of ordinary intelligence clear notice that Geraci's conduct was proscribed. We also conclude that § 2244(a)(1) is not overbroad as applied to Geraci's case. A statute may be considered overbroad only if it criminalizes constitutionally protected conduct. *See United States v. Morison*, 844 F.2d 1057, 1070 n.19 (4th Cir. 1988). Given that we have found that Geraci's conduct is not constitutionally protected, we find that her overbreadth argument necessarily fails as well.

Next, Geraci argues that the district court erred by permitting her son ("RG") to testify without first holding a pretrial taint hearing to determine the effect of allegedly overly suggestive and/or coercive interview tactics used by investigators and therapists. We review a district court's denial of an evidentiary hearing for abuse of discretion. *See United States v. Smith*, 62 F.3d 641, 651 (4th Cir. 1995). For the following reasons, we find that Geraci's argument is without merit.

First, we find that Geraci simply was not entitled to such a hearing pursuant to controlling case law. Geraci relies upon *New Jersey v. Michaels*, 642 A.2d 1372, 1379 (N.J. 1994), for the proposition that such a pretrial hearing should have been conducted. However, neither the district court nor this court is bound by *Michaels*. Furthermore, despite Geraci's attempt to bolster the persuasive authority of *Michaels* by listing several federal appellate cases that cite to *Michaels*, none of these cases held that a pretrial taint hearing is a prerequisite to a decision whether to admit anticipated testimony.

Second, Geraci was afforded ample opportunity to develop the evidence and arguments in support of her contention that RG's testimony was tainted. Specifically, an evidentiary hearing was held at which she presented evidence that RG's memory was contaminated by the interviews. Although Geraci urged the district court to exclude this testimony, the court declined to do so. The district court limited neither the presentation of evidence on Geraci's behalf nor the scope of

the argument. Moreover, it appears that defense counsel never complained below that Geraci was denied an opportunity to be heard on the motion, nor has defense counsel suggested what further evidence could have been presented in support of Geraci's argument.

Lastly, Geraci's argument fails because she cannot demonstrate any likelihood that RG's recollection of the material events was, in fact, influenced by improper investigative or interview techniques. Geraci's contention that investigators asked suggestive or leading questions is not supported by the record. Likewise, investigators neither accused anyone of wrongdoing nor furnished information to RG concerning the alleged events. When viewed in context, Geraci's contention that investigators forced RG to remain in the interview room when he wanted to leave, threatened him, and promised him new toys is unpersuasive. It appears that the investigators were merely attempting to focus the attention of a young child with a short attention span, and who was observed to change the subject when asked about sensitive topics, back onto their line of questioning. Moreover, the therapists' interviews with RG do not appear to have been overly suggestive or coercive. In fact, it took RG several months to discuss the events that occurred and, even then, he made the initial disclosures only through drawings.

Finally, Geraci argues that the district court erred by allowing the alleged hearsay testimony of Jennifer Wilson, Justin Kurtz, and Jessica Rancont. We review the admission of alleged hearsay evidence for abuse of discretion. *See United States v. Mohr*, 318 F.3d 613, 618 (4th Cir. 2003). Furthermore, a harmless error analysis is applied to evidentiary rulings. *See* Fed. R. Crim. P. 52(a); *see also United States v. Brooks*, 111 F.3d 365, 371 (4th Cir. 1997).

Contrary to Geraci's argument, we find that the district court did not abuse its discretion by admitting the testimony of Jennifer Wilson pursuant to Fed. R. Evid. 807, the residual hearsay exception. Geraci argues that because RG could have testified to a statement he made to Wilson, Wilson's testimony regarding RG's statement was not better than other available evidence. Nonetheless, the testimony of RG's therapists provides ample evidence that RG would not have been psychologically capable of testifying to this matter. *Cf. United States v. Dorian*, 803 F.2d 1439, 1445 (8th Cir. 1986) (holding admission of

testimony under residual exception proper when victim-declarant "was simply unable to testify meaningfully."). Furthermore, the circumstances surrounding the statement made to Wilson satisfy the Rule 807 requirement of the circumstantial guarantee of trustworthiness. Specifically, the statement was made to Wilson spontaneously and in relaxed circumstances while Wilson was putting RG to bed, thus providing no motive for RG to be untruthful. *See Idaho v. Wright*, 497 U.S. 805, 826-27 (1990).

We find that Geraci's argument that the district court improperly admitted the testimony of Justin Kurtz and Jessica Rancont also fails. Pursuant to Fed. R. Evid. 801(d)(1)(B), a statement is not hearsay if "the declarant testifies at the trial . . . and is subject to cross-examination regarding the statement, and the statement is . . . consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive. The statement must be made before the declarant had a motive to fabricate." *United States v. Henderson*, 717 F.2d 135, 138 (4th Cir. 1983).

We find that RG's out-of-court statements to Justin and Jessica meet the requirements of Rule 801(d)(1)(B). First, the statements were offered to rebut the defense's argument that RG's testimony had been tainted by the improper influence of investigators and therapists. Furthermore, the statements were consistent with RG's testimony and, finally, RG made the statements to Justin and Jessica before he had any contact with investigators or therapists, thereby eliminating the possibility that the statements were the result of improper influence.

Accordingly, we affirm Geraci's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*